**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN LASER SKINCARE, LLC,<br>a Delaware limited liability company<br>                                 Debtor.<br><br>Employer Tax I.D. No. XX-XXX4013 | Chapter 7<br><br>Case No. 14-12685 (BLS) |
| In re:<br><br>BELLUS ALC HOLDINGS, LLC,<br>a Delaware limited liability company<br>                                 Debtor.<br><br>Employer Tax I.D. No. XX-XXX0343 | Chapter 7<br><br>Case No. 14-12686 (BLS) |
| In re:<br><br>BELLUS ALC OF ALABAMA, LLC,<br>a Delaware limited liability company<br>                                 Debtor.<br><br>Employer Tax I.D. No. XX-XXX6703 | Chapter 7<br><br>Case No. 14-12687 (BLS) |
| In re:<br><br>BELLUS ALC OF ARIZONA, LLC,<br>a Delaware limited liability company<br>                                 Debtor.<br><br>Employer Tax I.D. No. XX-XXX7408 | Chapter 7<br><br>Case No. 14-12688 (BLS) |

| | |
|---|---|
| In re:<br><br>BELLUS ALC OF CALIFORNIA, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX6712 | Chapter 7<br><br>Case No. 14-12689 (BLS) |
| In re:<br><br>BELLUS ALC OF COLORADO, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX7427 | Chapter 7<br><br>Case No. 14-12690 (BLS) |
| In re:<br><br>BELLUS ALC OF CONNECTICUT, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX6721 | Chapter 7<br><br>Case No. 14-12691 (BLS) |
| In re:<br><br>BELLUS ALC OF FLORIDA, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX3380 | Chapter 7<br><br>Case No. 14-12692 (BLS) |
| In re:<br><br>BELLUS ALC OF GEORGIA, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX5952 | Chapter 7<br><br>Case No. 14-12693 (BLS) |

01:16405877.2

| | |
|---|---|
| In re:<br><br>BELLUS ALC OF ILLINOIS, LLC,<br>a Delaware limited liability company<br>                             Debtor.<br><br>Employer Tax I.D. No. XX-XXX7086 | Chapter 7<br><br>Case No. 14-12694 (BLS) |
| In re:<br><br>BELLUS ALC OF INDIANA, LLC,<br>a Delaware limited liability company<br>                             Debtor.<br><br>Employer Tax I.D. No. XX-XXX5197 | Chapter 7<br><br>Case No. 14-12695 (BLS) |
| In re:<br><br>BELLUS ALC OF IOWA, LLC,<br>a Delaware limited liability company<br>                             Debtor.<br><br>Employer Tax I.D. No. XX-XXX2659 | Chapter 7<br><br>Case No. 14-12696 (BLS) |
| In re:<br><br>BELLUS ALC OF KANSAS, LLC,<br>a Delaware limited liability company<br>                             Debtor.<br><br>Employer Tax I.D. No. XX-XXX7501 | Chapter 7<br><br>Case No. 14-12697 (BLS) |
| In re:<br><br>BELLUS ALC OF LOUISIANA, LLC,<br>a Delaware limited liability company<br>                             Debtor.<br><br>Employer Tax I.D. No. XX-XXX5443 | Chapter 7<br><br>Case No. 14-12699 (BLS) |

01:16405877.2

| | |
|---|---|
| In re:<br><br>BELLUS ALC OF MARYLAND, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX8432 | Chapter 7<br><br>Case No. 14-12700 (BLS) |
| In re:<br><br>BELLUS ALC OF MASSACHUSETTS, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX7640 | Chapter 7<br><br>Case No. 14-12701 (BLS) |
| In re:<br><br>BELLUS ALC OF MICHIGAN, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX8276 | Chapter 7<br><br>Case No. 14-12702 (BLS) |
| In re:<br><br>BELLUS ALC OF MINNESOTA, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX7650 | Chapter 7<br><br>Case No. 14-12703 (BLS) |
| In re:<br><br>BELLUS ALC OF MISSOURI, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX7484 | Chapter 7<br><br>Case No. 14-12704 (BLS) |

| | |
|---|---|
| In re:<br><br>BELLUS ALC OF NEVADA, LLC,<br>a Delaware limited liability company<br>        Debtor.<br><br>Employer Tax I.D. No. XX-XXX8179 | Chapter 7<br><br>Case No. 14-12705 (BLS) |
| In re:<br><br>BELLUS ALC OF NEW YORK, LLC,<br>a Delaware limited liability company<br>        Debtor.<br><br>Employer Tax I.D. No. XX-XXX8793 | Chapter 7<br><br>Case No. 14-12706 (BLS) |
| In re:<br><br>BELLUS ALC OF NORTH CAROLINA, LLC,<br>a Delaware limited liability company<br>        Debtor.<br><br>Employer Tax I.D. No. XX-XXX8222 | Chapter 7<br><br>Case No. 14-12707 (BLS) |
| In re:<br><br>BELLUS ALC OF PENNSYLVANIA, LLC,<br>a Delaware limited liability company<br>        Debtor.<br><br>Employer Tax I.D. No. XX-XXX3807 | Chapter 7<br><br>Case No. 14-12708 (BLS) |
| In re:<br><br>BELLUS ALC OF PUERTO RICO, LLC,<br>a Delaware limited liability company<br>        Debtor.<br><br>Employer Tax I.D. No. XX-XXX9015 | Chapter 7<br><br>Case No. 14-12709 (BLS) |

01:16405877.2

| | |
|---|---|
| In re:<br><br>BELLUS ALC OF SOUTH CAROLINA, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX8451 | Chapter 7<br><br>Case No. 14-12710 (BLS) |
| In re:<br><br>BELLUS ALC OF TENNESSEE, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX9025 | Chapter 7<br><br>Case No. 14-12711 (BLS) |
| In re:<br><br>BELLUS ALC OF TEXAS, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX8458 | Chapter 7<br><br>Case No. 14-12712 (BLS) |
| In re:<br><br>BELLUS ALC OF UTAH, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX9033 | Chapter 7<br><br>Case No. 14-12713 (BLS) |
| In re:<br><br>BELLUS ALC OF VIRGINIA, LLC,<br>a Delaware limited liability company<br>                                  Debtor.<br><br>Employer Tax I.D. No. XX-XXX6772 | Chapter 7<br><br>Case No. 14-12714 (BLS) |

| | |
|---|---|
| In re:<br><br>BELLUS ALC OF WASHINGTON, LLC,<br>a Delaware limited liability company<br>        Debtor.<br><br>Employer Tax I.D. No. XX-XXX9059 | Chapter 7<br><br>Case No. 14-12715 (BLS) |
| In re:<br><br>BELLUS ALC OF WISCONSIN, LLC,<br>a Delaware limited liability company<br>        Debtor.<br><br>Employer Tax I.D. No. XX-XXX6790 | Chapter 7<br><br>Case No. 14-12716 (BLS)<br><br>**Hearing Date: Jan. 15, 2015 at 12:30 p.m. (ET)**<br>**Objection Deadline: Jan. 5, 2015 at 4:00 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 DEBTORS FOR ORDER EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS PURSUANT TO SECTIONS 105 AND 521 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007 AND 9006, AND LOCAL RULES 1007-1 AND 9006-2**

American Laser Skincare, LLC and its affiliated debtors in the above-captioned cases (each a "Debtor" and, collectively, the "Debtors"), hereby move this Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 1007-1 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the time for the Debtors to file their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements"). In support of this motion (the "Motion"), the Debtors respectfully state as follows:

01:16405877.2

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 9006, and Local Rules 1007-1 and 9006-2.

## BACKGROUND

3. On December 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing the instant cases (the "Chapter 7 Cases"). On the same date, Alfred T. Giuliano was appointed as the interim chapter 7 trustee (the "Trustee") in accordance with section 701 of the Bankruptcy Code, and he continues to serve in such capacity.

4. On December 5, 2014, the Clerk of the Court issued a Notice of Petition Deficiencies in each of the Chapter 7 Cases which, among other things, directs the Debtors to file their Schedules and Statements on or before December 18, 2014 [All Cases, Docket No. 3].

5. Prior to commencement of the Chapter 7 Cases, the Debtors were leading providers of laser hair removal, skin rejuvenation, body contouring and other minimally-invasive aesthetic procedures. Until shortly before the Petition Date, the Debtors offered a broad range of non-surgical services through highly-experienced physicians at over 130 state-of-the-art clinics across 25 states and Puerto Rico.

**RELIEF REQUESTED**

6. By this Motion, the Debtors request entry of an order extending the time for filing the Schedules and Statements by 46 days, through and including Monday, February 2, 2015,[1] without prejudice to the Debtors' right to seek additional time, as necessary.

**BASIS FOR RELIEF REQUESTED**

7. Section 521 of the Bankruptcy Code requires, among other things, that the Debtors file their Schedules and Statements. 11 U.S.C. § 521(a). Bankruptcy Rule 1007(c) provides, in pertinent part, that "the schedules and statements, other than the statement of intention, shall be filed with the petition or within 14 days thereafter." Fed. R. Bankr. P. 1007(c). Bankruptcy Rule 1007(c) further provides that "any extension of time to file schedules, statements and other documents under this [Bankruptcy Rule] may be granted only by motion for cause shown and on notice to United States Trustee, examiner or other party as the court may direct." Id. Similarly, Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed." Fed. R. Bankr. P. 9006(b).

8. Cause exists in this case for extending the time to file the Schedules and Statements. The Debtors' business was operational until November 14, 2014, less than three weeks before the Petition Date, when the Debtors terminated all employees and closed all clinics. The Debtors' operations were complex, spanning across more than 130 clinics in 25 states and

---

[1] Pursuant to Local Rule 9006-2, the Debtors' filing of this Motion prior to the expiration of the current deadline to file Schedules and Statements shall serve to automatically extend the deadline, without the necessity of a bridge order, until this Court rules on the Motion.

01:16405877.2

Puerto Rico, and embodied in 31 different debtor entities, requiring 31 sets of Schedules and Statements.  Although the Debtors ultimately filed for relief under chapter 7 of the Bankruptcy Code, because of the extent of the Debtors' operations, the circumstances of these cases are more akin to chapter 11 cases than the typical corporate chapter 7 case, and likewise require the same amount of time as is often granted in comparably sized chapter 11 cases to complete the Schedules and Statements.  As the Court is aware, in this District courts have regularly found "cause" to extend the deadline for filing Schedules and Statements in chapter 11 cases involving businesses with complex operations, including significant retail operations.  See, e.g., In re Ritz Camera & Image, L.L.C., Case No. 12-11868 (KG) (Bankr. D. Del. July 27, 2012) (order granting debtors a total of sixty (60) days from petition date to file their schedules and statements); In re Uni-Marts, LLC, Case No. 08-11037 (MFW) (Bankr. D. Del. Jun. 27, 2008) (order granting debtors a total of sixty (60) days from the petition date to file their schedules and statements); In re Powermate Holding Corp., Case No. 08-10498 (KG) (Bankr. D. Del. Apr. 14, 2008) (order granting a total of seventy-four (74) days from the commencement date for debtors to file their schedules and statements).

9.     Likewise, the deadline to file Schedules and Statements has also been extended in chapter 7 cases in this District.  See, e.g., In re LTC Holdings, Inc., Case No. 14-11111 (CSS) (Bankr. D. Del. May 16, 2014 and August 5, 2014) (successive orders granting chapter 7 trustee authority to file Schedules and Statements and extending deadline to a total of approximately five months after commencement date); In re: The Agency, LLC, Case No. 14-10118 (KJC) (Bankr. D. Del. Jan. 31, 2014) (order granting chapter 7 debtor and/or chapter 7 trustee a total of 29 days from commencement date to file Schedules and Statements).[2]

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request.

01:16405877.2

10. Moreover, those same former personnel who would be responsible for compilation of the Schedules and Statements have spent much of the less than two weeks since the commencement of these chapter 7 cases working with the Trustee to provide him with necessary information to begin administering these cases and maximizing the value of the Debtors' assets, further hindering the already-impossible task of concurrently completing the Schedules and Statements by the current deadline.

11. On account of the foregoing, and by this Motion, the Debtors are seeking an extension of the deadline for filing of the Schedules and Statements through and including February 2, 2015, a total of 60 days from the Petition Date, in order to allow sufficient time to properly complete the Schedules and Statements.

12. The Trustee is aware of, and does not object to, the Debtors' requested extension through and including February 2, 2015.

13. For the reasons set forth above, the Debtors submit that the relief requested herein is necessary and in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE

14. Notice of this Motion will be provided to: (i) Office of the United States Trustee; (ii) counsel to the Trustee; (iii) the Debtors' pre-petition secured lender; and (iv) all parties requesting notice in this proceeding pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated:    December 18, 2014
          Wilmington, Delaware

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

          */s/ Justin H. Rucki*
          Robert S. Brady (No. 2847)
          Edmon L. Morton (No. 3856)
          Justin H. Rucki (No. 5304)
          Laurel D. Roglen (No. 5759)
          1000 North King Street
          Wilmington, Delaware 19801
          Telephone:  (302) 571-6600
          Facsimile:  (302) 571-1253

          *Counsel to the Debtors* \