## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AMERICAN LASER SKINCARE, LLC, a Delaware limited liability company | Case No. 14-12685 (BLS) |
| Debtor. | **Hearing Date: Pursuant to Order Shortening Time** |
| Employer Tax I.D. No. XX-XXX4013 | **Objection Deadline: Pursuant to Order Shortening Time** |
| In re: | Chapter 7 |
| BELLUS ALC HOLDINGS, LLC, a Delaware limited liability company | Case No. 14-12686 (BLS) |
| Debtor. | |
| Employer Tax I.D. No. XX-XXX0343 | |
| In re: | Chapter 7 |
| BELLUS ALC OF ALABAMA, LLC, a Delaware limited liability company | Case No. 14-12687 (BLS) |
| Debtor. | |
| Employer Tax I.D. No. XX-XXX6703 | |
| In re: | Chapter 7 |
| BELLUS ALC OF ARIZONA, LLC, a Delaware limited liability company | Case No. 14-12688 (BLS) |
| Debtor. | |
| Employer Tax I.D. No. XX-XXX7408 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF CALIFORNIA, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12689 (BLS) |
| Employer Tax I.D. No. XX-XXX6712 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF COLORADO, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12690 (BLS) |
| Employer Tax I.D. No. XX-XXX7427 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF CONNECTICUT, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12691 (BLS) |
| Employer Tax I.D. No. XX-XXX6721 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF FLORIDA, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12692 (BLS) |
| Employer Tax I.D. No. XX-XXX3380 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF GEORGIA, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12693 (BLS) |
| Employer Tax I.D. No. XX-XXX5952 | |

| | |
|---|---|
| In re:<br><br>BELLUS ALC OF ILLINOIS, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX7086 | Chapter 7<br><br>Case No. 14-12694 (BLS) |
| In re:<br><br>BELLUS ALC OF INDIANA, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX5197 | Chapter 7<br><br>Case No. 14-12695 (BLS) |
| In re:<br><br>BELLUS ALC OF IOWA, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX2659 | Chapter 7<br><br>Case No. 14-12696 (BLS) |
| In re:<br><br>BELLUS ALC OF KANSAS, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX7501 | Chapter 7<br><br>Case No. 14-12697 (BLS) |
| In re:<br><br>BELLUS ALC OF LOUISIANA, LLC,<br>a Delaware limited liability company<br>                              Debtor.<br><br>Employer Tax I.D. No. XX-XXX5443 | Chapter 7<br><br>Case No. 14-12699 (BLS) |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MARYLAND, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12700 (BLS) |
| Employer Tax I.D. No. XX-XXX8432 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MASSACHUSETTS, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12701 (BLS) |
| Employer Tax I.D. No. XX-XXX7640 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MICHIGAN, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12702 (BLS) |
| Employer Tax I.D. No. XX-XXX8276 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MINNESOTA, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12703 (BLS) |
| Employer Tax I.D. No. XX-XXX7650 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MISSOURI, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12704 (BLS) |
| Employer Tax I.D. No. XX-XXX7484 | |

4

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF NEVADA, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12705 (BLS) |
| Employer Tax I.D. No. XX-XXX8179 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF NEW YORK, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12706 (BLS) |
| Employer Tax I.D. No. XX-XXX8793 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF NORTH CAROLINA, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12707 (BLS) |
| Employer Tax I.D. No. XX-XXX8222 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF PENNSYLVANIA, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12708 (BLS) |
| Employer Tax I.D. No. XX-XXX3807 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF PUERTO RICO, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12709 (BLS) |
| Employer Tax I.D. No. XX-XXX9015 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF SOUTH CAROLINA, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12710 (BLS) |
| Employer Tax I.D. No. XX-XXX8451 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF TENNESSEE, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12711 (BLS) |
| Employer Tax I.D. No. XX-XXX9025 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF TEXAS, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12712 (BLS) |
| Employer Tax I.D. No. XX-XXX8458 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF UTAH, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12713 (BLS) |
| Employer Tax I.D. No. XX-XXX9033 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF VIRGINIA, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12714 (BLS) |
| Employer Tax I.D. No. XX-XXX6772 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF WASHINGTON, LLC, a Delaware limited liability company<br>                    Debtor. | Case No. 14-12715 (BLS) |
| Employer Tax I.D. No. XX-XXX9059 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF WISCONSIN, LLC, a Delaware limited liability company<br>                    Debtor. | Case No. 14-12716 (BLS) |
| Employer Tax I.D. No. XX-XXX6790 | |

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 363 AUTHORIZING AND APPROVING THE SALE OF ASSETS OF THE ESTATES TO VIP WEIGHT SOLUTIONS, LLC D/B/A VIP MED SPA AND ARIJAI AESTHETIC & WELLNESS CORP. FREE AND CLEAR OF LIENS, CLAIMS, <u>INTERESTS AND ENCUMBRANCES</u>**

Alfred T. Giuliano, chapter 7 trustee (the "**Chapter 7 Trustee**") of American Laser Skincare, LLC and its related debtors (collectively, the "**Debtors**"), by and through his undersigned counsel, hereby moves (the "**Motion**") for entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Proposed Order**"), pursuant to Sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing and approving the sale of certain assets of the Debtors to VIP Weight Solutions, LLC d/b/a VIP Med Spa and Arijai Aesthetic & Wellness Corp., free and clear of liens, claims, interests and

encumbrances.  In support of this Motion, the Chapter 7 Trustee respectfully represents as follows:

## JURISDICTION

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory and legal predicates for the relief requested herein are Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007 and 9014 and Local Rules 6004-1.

## BACKGROUND

3.       The Debtors, headquartered in Farmington Hills, Michigan, were formerly a leading provider of laser hair removal, skin rejuvenation, and other minimally-invasive cosmetic procedures across a nationwide network of 136 locations throughout 25 states.  Due to, among other reasons, operational shortcomings and macroeconomic deterioration, which created substantial financial difficulties, the Debtors were forced to cease operations on November 14, 2014.

4.       On December 4, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 7 of the Bankruptcy Code (the "**Chapter 7 Cases**").

5.       By this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002, 6004, 9007 and 9014 authorizing and approving the sale of all of the assets, properties, rights and claims, whether tangible or

intangible (collectively, the "**Assets**"), which are located at the Acquired Locations[1] pursuant to

the terms of:

    a.    The asset purchase agreement ("**TX/CA APA**") by and between American Laser Skincare, LLC ("**ALS**"), Bellus ALC of Texas, LLC ("**Bellus Texas**"), and Bellus ALC of California, LLC (together with ALS and Bellus Texas, collectively, "**TX/CA Sellers**"), and VIP Weight Solutions, LLC d/b/a VIP Med Spa ("**TX/CA Buyer**," and together with TX/CA Sellers, collectively, the "**TX/CA Parties**"), for the purchase of the TX Assets and the CA Assets free and clear of liens, claims, interests and encumbrances.  The TX/CA APA is attached as **<u>Exhibit B</u>**; and

    b.    The asset purchase agreement ("**MN APA**," and together with the TX/CA APA, collectively, the "**APAs**") by and between ALS and Bellus ALC of Minnesota, LLC (together with ALS, collectively, "**MN Sellers**," and together with the TX/CA Sellers, collectively, the "**Sellers**"), and Arijai Aesthetic & Wellness Corp. ("**MN Buyer**," and together with the TX/CA Buyer, collectively, the "**Buyers**", and MN Buyer together with MN Sellers, collectively, the "**MN Parties**," and MN Parties together with the TX/CA Parties and the Chapter 7 Trustee, collectively, the "**Parties**"), for the purchase of the MN Assets free and clear of liens, claims, interests and encumbrances.  The MN APA is attached as **<u>Exhibit C</u>**.

---

[1] The Acquired Locations include the facilities at the following locations: (A) (i) North Park, 8611 Hillcrest Road, Dallas, TX 75225; (ii) Plano, 6541 Preston Road, Plano, TX 75024; (iii) Colleyville, 104 Grapevine Highway, Hurst, TX 76054; and (iv) Fort Worth, 800 8th Avenue, Fort Worth, TX 76104 (the Assets located at the aforementioned Acquired Locations, collectively, the "**TX Assets**"); (B) (i) Brea, 330 E. Lambert, Brea, CA 92821; (ii) La Jolla, 4510 Executive Drive, San Diego, CA 92121; (iii) Ontario, 901 Via Piemonte, Ontario, CA 91764; and (iv) Temecula, 41607 Margarita Road, Suite 100, Temecula, CA 92591 (the Assets located at the aforementioned Acquired Locations, collectively, the "**CA Assets**"); and (C) (i) Maple Grove, 7270 Forestview Lane, Maple Grove, MN 55109; (ii) Burnsville, 14050 Nicollet Avenue South, Burnsville, MN 55337; (iii) Edina, 7550 France Avenue South, Edina, MN 55435; and (iv) Woodbury, 7616 Currell Boulevard, Woodbury, MN 55125 (the Assets located at the aforementioned Acquired Locations, collectively, the "**MN Assets**").

6.      The Chapter 7 Trustee desires to sell the Assets.  The salient terms of the

APAs are as follows:

| | **TX/CA APA** | **MN APA** |
|---|---|---|
| **Seller** | American Laser Skincare, LLC, Bellus ALC of Texas, LLC and Bellus ALC of California, LLC | American Laser Skincare, LLC and Bellus ALC of Texas, LLC |
| **Buyer** | VIP Weight Solutions, LLC d/b/a VIP Med Spa | Doctor Med Spa |
| **Acquired Locations** | (i) North Park, 8611 Hillcrest Road, Dallas, TX 75225; (ii) Plano, 6541 Preston Road, Plano, TX 75024; (iii) Colleyville, 104 Grapevine Highway, Hurst, TX 76054; (iv) Fort Worth, 800 8th Avenue, Fort Worth, TX 76104; (v) Brea, 330 E. Lambert, Brea, CA 92821; (vi) La Jolla, 4510 Executive Drive, San Diego, CA 92121; (vii) Ontario, 901 Via Piemonte, Ontario, CA 91764; and (viii) Temecula, 41607 Margarita Road, Suite 100, Temecula, CA 92591 | (i) Maple Grove, 7270 Forestview Lane, Maple Grove, MN 55109; (ii) Burnsville, 14050 Nicollet Avenue South, Burnsville, MN 55337; (iii) Edina, 7550 France Avenue South, Edina, MN 55435; and (iv) Woodbury, 7616 Currell Boulevard, Woodbury, MN 55125 |
| **Purchase Price** | $91,428 | $44,000 |
| **Assumed Liabilities** | (i) commercial office leases and associated cure amounts for all of the Acquired Locations, except Fort Worth, TX, (ii) eight (8) GentleMax Pro® leases, and (iii) patient treatment liabilities in all Acquired Locations | (i) four (4) GentleMax Pro® leases, and (ii) patient treatment liabilities in all Acquired Locations |
| **Other** | Buyer waiving claims against the Debtors' estates and Buyer replacing security deposit on each commercial lease | Buyer waiving claims against the Debtors' estates. |

7.      The Chapter 7 Trustee submits that the proposed sales were negotiated at

arm's length and entered into in good faith by the Parties.  The Chapter 7 Trustee believes these

sales are fair and reasonable and will provide a benefit to the Debtors' estates and their creditors.

8.      The Chapter 7 Trustee further believes that the cost and delay arising from

a competitive auction process or pursuing a potential transaction with an entity other than the

Buyers would be reasonably unlikely to increase value for the estates.  The present Motion

therefore reflects the Chapter 7 Trustee's decision to sell the Assets to the Buyers through a private sale.

## <u>LOCAL RULE 6004-1 REQUIREMENTS</u>

9.      In accordance with Local Rule 6004-1, the Chapter 7 Trustee respectfully represents the following:

a)      <u>Sale to Insider</u>:  Buyers are not "insiders" of the Debtors within the meaning set forth in Section 101(31) of the Bankruptcy Code.

b)      <u>Agreements with Management</u>: None.

c)      <u>Releases</u>:  As set forth herein, the Chapter 7 Trustee will sell the Assets free and clear of liens, claims, interests and encumbrances.  Upon closing, the Debtors under the APAs will be released from their obligations under the Assumed Contracts (as defined in the APAs) and Assumed Treatment Obligations (as defined in the APAs).

d)      <u>Private Sale/No Competitive Bidding</u>.  The Chapter 7 Trustee will conduct private sales.

e)      <u>Closing and Other Deadlines</u>.  The closing shall take place within two business days following the satisfaction or waiver of all of the conditions to closing that are set forth under Section 6.0 and 7.0 of the APAs.  If the closing has not occurred before February 15, 2015, either Buyer or Seller may terminate the APAs and upon such termination, the Chapter 7 Trustee shall remit the deposits to the Buyers; however, if the transactions contemplated by the APAs fail to close for any other reason, Buyers agree that the deposits shall remain with Trustee as liquidated damages, and not as a penalty.

f)    <u>Good Faith Deposit</u>.    The TX/CA Buyer has submitted a $40,000 good faith deposit.   The MN Buyer has submitted a $22,000 good faith deposit.

g)    <u>Interim Arrangements with Buyers</u>.  None.

h)    <u>Use of Proceeds</u>.  The Chapter 7 Trustee intends to hold the sale proceeds for the benefit of creditors.

i)    <u>Tax Exemption</u>.  None.

j)    <u>Record Retention</u>.  The Chapter 7 Trustee intends to sell and transfer all books and records of the Sellers (other than corporate organizational records and income tax returns) applicable to the Acquired Locations, including all financial books and records, customer/patient, medical, vendor and representative lists and records, sales literature, catalogs, plans, drawings, purchase orders, databases, invoices, brochures, receipts, all marketing, accounting, financial or business records and materials, and all other materials relating in any manner to the operation of the business at the Acquired Locations; <u>provided</u>, <u>however</u>, that the Trustee shall retain certain accounting and tax records, and other records related to these bankruptcy cases and his statutory duties as Trustee; <u>provided</u>, <u>further</u>, <u>however</u>, the Buyers shall have a right to a copy of such records as it deems necessary (at Buyers' cost for copying)

k)    <u>Sale of Avoidance Actions</u>.  None.

l)    <u>Findings as to Successor Liability</u>.  None.

m)    <u>Sale Free and Clear of Unexpired Leases</u>.   The APAs require the Debtors to transfer the Assets to the applicable Buyer free and clear of all Encumbrances (as defined in the APAs).

n)      Credit Bid.  None.

o)      Relief from Bankruptcy Rule 6004(h).  The Chapter

7 Trustee is seeking relief from the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

## RELIEF REQUESTED AND BASIS THEREFOR

10.      By this Motion, the Chapter 7 Trustee respectfully requests that this Court

approve the APAs and the sale of the Assets to the Buyers under sections 105(a) and 363 of the

Bankruptcy Code.

**A.      The APAs and Sale of the Assets Should Be Approved Under Section 363(b) of the Bankruptcy Code**

11.      Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee,

after notice and a hearing, may use, sell or lease, other than in the ordinary course of business,

property of the estate …." 11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code

does not specify a standard for determining when it is appropriate for a court to authorize the use,

sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's

assets if such sale is based upon the sound business judgment of the debtor.  See, e.g., Myers v.

Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Montgomery Ward Holding Corp.,

242 B.R. 147, 153 (D. Del. 1999); In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del.

1991); In re Trans World Airlines, Inc., No. 01-00056, 2001 Bankr. LEXIS 980, at *29 (Bankr.

D. Del. Apr. 2, 2001).

12.      The Chapter 7 Trustee's proposed sale of the Assets to the Buyers under

the terms of the APAs satisfies the "sound business purpose" test for the sale of assets outside

the ordinary course of business under Section 363(b) of the Bankruptcy Code.  The Chapter 7

Trustee desires to obtain the highest possible value for the Assets realizable in the Debtors'

current circumstances, for the benefit of the Debtors' estates.  The proposed sales were

negotiated at arm's length and entered into in good faith by the Parties.  The Chapter 7 Trustee

believes these sales are fair and reasonable and will provide a benefit to the Debtors' estates.

**B.      The Transfer of the Assets Free and Clear of Liens, Claims, Interests and
        Encumbrances Should be Approved Under Section 363(f) of the Bankruptcy Code**

13.      Section 363(f) of the Bankruptcy Code permits a debtor to sell property

free and clear of another party's interest in the property if: (a) applicable non-bankruptcy law

permits such a "free and clear" sale; (b) the holder of the interest consents; (c) the interest is a

lien and the sale price of the property exceeds the value of all liens on the property; (d) the

interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or

equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

14.      The Chapter 7 Trustee proposes to sell the Assets in a commercially

reasonable manner in an effort to obtain the highest consideration for such Assets, and expects

that the value of the proceeds from the sale will fairly reflect the value of the property sold.  The

Chapter 7 Trustee further proposes that any party with a valid, perfected and unavoidable lien on

the Assets sold pursuant to this Motion will have a corresponding security interest in the

proceeds of such sale.  Moreover, the Chapter 7 Trustee is undertaking the sale of the Assets in

cooperation with Bellus ALC Funding, LLC, the Debtors' secured lender, who consents to the

release of their liens on the Assets in accordance with that certain *Stipulation for Funding, Use of

Cash Collateral and Granting of Releases* filed on January 12, 2015.  See 11 U.S.C. § 363(f)(2).

Furthermore, the Chapter 7 Trustee proposes that the failure to object to the entry of the order

approving this Motion will be deemed "consent" to the sale pursuant to the order within the

meaning of Section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section

363(f) of the Bankruptcy Code would be satisfied.

**C.       The Assumption and Assignment of Contracts and Leases Should be Approved**

15.       Section 365 of the Bankruptcy Code authorizes a debtor to assume and/or

assign executory contracts and unexpired leases, subject to the approval of the Court, provided

that the defaults under such contracts and leases are cured and adequate assurance of future

performance is provided.  11 U.S.C. § 365.  More specifically, the requirements for assumption

of executory contracts and unexpired leases, if there has been a default thereunder, are set forth

in Section 365(b)(1):

> (b)(1) If there has been a default in an executory contract or
> unexpired lease of the debtor, the trustee [debtor-in-possession]
> may not assume such contract or lease unless, at the time of
> assumption of such contract or leases, the trustee -
>
> (A)       cures, or provides adequate assurance that the trustee will
> promptly cure, such default . . . .;
>
> (B)       compensates, or provides adequate assurance that the
> trustee will promptly compensate, a party other than the debtor to
> such contract or lease, for any actual pecuniary loss to such party
> resulting from such default; and
>
> (C)       provides adequate assurance of future performance under
> such contract or lease.

11 U.S.C. § 365(b).

16.       In turn, a debtor-in-possession may assign an executory contract or

unexpired lease if: (i) it assumes the contract in accordance with the provisions of Section 365(b)

of the Bankruptcy Code; and (ii) adequate assurance of future performance by the assignee is

provided.  11 U.S.C. § 365(f)(2).  The Bankruptcy Code does not define the meaning of

"adequate assurance of future performance."  Courts have held that adequate assurance of future

performance depends on the facts and circumstances of each case, but should be given "practical,

pragmatic construction."  See Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.), 103

B.R. 524, 538 (Bankr. D.N.J. 1989); see also In re Natco Indus., Inc., 54 B.R. 436, 440 (Bankr.

S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance

that debtor will thrive and pay rent).

17.    The trustee's decision to assume or reject an executory contract or

unexpired lease must only satisfy the business judgment rule and will not be subject to review

unless such decision is clearly an unreasonable exercise of such judgment.  See, e.g., In re Penn

Traffic Co., 524 F.3d 373, 383 (2d Cir. 2008) (business judgment test "rather obviously

presupposes that the estate will assume a contract only where doing so will be to its economic

advantage."); In re Del Grosso, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990) ("[T]he standard to be

applied for approval of the assumption [of an executory contract] is the business judgment

standard....").

18.    Here, the Court should approve the decision to assume and assign the

contracts and leases in connection with the sale as a sound exercise of the Chapter 7 Trustee's

business judgment for several reasons.  First, the contracts and leases are necessary to run the

facilities and, thus, are essential to inducing the best offer for the Assets.   Second, it is unlikely

that any purchaser would want to acquire any company on a going-concern basis unless a

significant number of the contracts and leases needed to conduct the business and manage the

day-to-day operations were included in the transaction.  Accordingly, the Chapter 7 Trustee

submits that the assumption and assignment of the contracts and leases should be approved as an

exercise of his business judgment.

19.    Upon finding that a debtor has exercised its business judgment in

determining that assuming an executory contract is in the best interest of its estate, courts must

then evaluate whether the assumption meets the requirements of section 365(b) of the

Bankruptcy Code: (a) that a debtor cure, or provide adequate assurance of promptly curing,

prepetition defaults in the executory contract; (b) compensate parties for pecuniary losses arising therefrom; and (c) provide adequate assurance of future performance thereunder.  This section "attempts to strike a balance between two sometimes competing interests, the right of the contracting nondebtor to get the performance it bargained for and the right of the debtor's creditors to get the benefit of the debtor's bargain."  Matter of Luce Indus., Inc., 8 B.R. 100, 107 (Bankr. S.D.N.Y. 1980).

20.     The Chapter 7 Trustee submits that the statutory requirements of section 365(b)(1)(A) of the Bankruptcy Code will be satisfied (and promptly) because the APAs require that the Buyer cure all defaults associated with, or that are required to properly assume, the Assume Contracts.  See APA § 2.2(a).  Moreover, Schedule 2.2(a)-2 to the APAs includes notice to the counterparties to the Assumed Contracts of the gross aggregate undisputed "cure amount," which the Chapter 7 Trustee asserts based on the Debtors' books and records is owed to cure any defaults existing under the assigned contracts as of the Petition Date under section 365(b)(1) of the Bankruptcy Code.  Contract counterparties will be given a sufficient opportunity to review and potentially, dispute cure amounts or other defaults.  Thus, the Chapter 7 Trustee is confident that if defaults exist that must be cured, such cure will be achieved fairly, efficiently, and properly, consistent with the Bankruptcy Code and with due respect to the rights of non-Debtor parties.

21.     Similarly, the Chapter 7 Trustee submits that the third requirement of section 365(b)(1)(C) of the Bankruptcy Code-adequate assurance of future performance-is also satisfied given the facts and circumstances present here.  "The phrase 'adequate assurance of future performance' adopted from section 2-609(1) of the Uniform Commercial Code, is to be given a practical, pragmatic construction based upon the facts and circumstances of each case."

In re U.L. Radio Corp., 19 B.R. 537, 542 (Bankr. S.D.N.Y. 1982).  Although no single solution

will satisfy every case, "the required assurance will fall considerably short of an absolute

guarantee of performance."  In re Prime Motor Inns Inc., 166 B.R. 993, 997 (Bankr. S.D. Fla.

1994).  Among other things, adequate assurance may be given by demonstrating the assignee's

financial health and experience in managing the type of enterprise or property assigned.  See In

re Bygaph, Inc., 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future

performance present where a prospective assignee has financial resources and has expressed a

willingness to devote sufficient funding to a business to give it a strong likelihood of

succeeding).

      22.     The Chapter 7 Trustee believes that he can and will demonstrate that the

requirements for assumption and assignment of the Assumed Contracts to the Buyer will be

satisfied.  Section 2.2(b) of the APA requires the Buyer to provide adequate assurance of future

performance to the extent required as to any contract or lease that is to be assumed and assigned.

The Chapter 7 Trustee believes that the Buyers have the financial wherewithal, willingness, and

ability to perform under the Assumed Contracts proposed to be assigned.  Further, the Court and

other interested parties will be provided with an ample opportunity to evaluate and, if necessary,

challenge the ability of the Buyers to provide adequate assurance of future performance and

object to the assumption of the Assumed Contracts or proposed cure amounts.  The Court

therefore should have a sufficient basis to authorize the Chapter 7 Trustee to reject or assume and

assign the Assumed Contracts as set forth in the APAs.

**D.**      **A Private Sale of the Assets is Appropriate Under Bankruptcy Rule 6004**

      23.     Bankruptcy Rule 6004(f) and Local Rule 6004-11 (b)(iv)(D) permit a

debtor to conduct a private sale pursuant to section 363 of the Bankruptcy Code.  Specifically,

Bankruptcy Rule 6004(f) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1) (emphasis added). See In re Alisa P'ship, 15 B.R. 802, 802 (Bankr. D. Del 1981) (holding that manner of sale is within the debtor's discretion); In re Bakalis, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (stating that debtor has authority to conduct public or private sales of estate property).

24.    Accordingly, in light of Bankruptcy Rule 6004(f) and case law regarding section 363 sales, a debtor may conduct a private sale if a good business reason exists. See, e.g., In re Pritam Realty, Inc., 233 B.R. 619 (D.P.R. 1999) (upholding the bankruptcy court's approval of a private sale conducted by a chapter 11 debtor); In re Condere Corp., 228 B.R. 615, 629 (Bankr. S.D. Miss. 1998) (authorizing private sale of debtors' tire company where "[d]ebtor has shown a sufficient business justification for the sale of the assets to the [p]urchaser"); In re Embrace Sys. Corp., 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) ("A large measure of discretion is available to a bankruptcy court in determining whether a private sale should be approved. The court should exercise its discretion based upon the facts and circumstances of the proposed sale."); In re Wieboldt Stores, Inc., 92 B.R. 309 (N.D. Ill. 1988) (affirming right of chapter 11 debtor to transfer assets by private sale).

25.    Indeed, courts in this and other districts have approved private sales of estate property pursuant to section 363(b)(1) when there has been a valid business reason for not conducting an auction. See, e.g., Buffets Holdings, Inc., No. 08-10141 (MFW) (Bankr. D. Del. Feb. 3, 2009) (approving the private sale of real property for approximately $2.4 million); In re W.R. Grace & Co., No. 01-01139 (JKF) (Bankr. D. Del. Dec. 18, 2008) (approving the private sale of real property for approximately $3.8 million); In re Wellman, Inc., No. 08-10595 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2008) (approving private sale of industrial complex capable of

converting recycled carpet into nylon engineered resins for $17.9 million); In re W.R. Grace &
Co., No. 01-01139 (JKF) (Bankr. D. Del. July 23, 2007) (authorizing private sale of business line
which designs and manufactures materials used in catalytic converters to remove pollutants
produced by engines for approximately $22 million); In re Solutia, Inc., No. 03-17949 (SCC)
(Bankr S.D.N.Y. Dec. 28, 2006) (approving private sale of real property for approximately $7.1
million).[2]

26.    The Chapter 7 Trustee submits that the proposed private sales of the
Assets to the Buyers in accordance with the APAs are appropriate in light of the facts and
circumstances of these Chapter 7 cases.  Specifically, the Chapter 7 Trustee has been advised
that the Assets were marketed extensively prior to the Petition Date.  For each day that passes,
the Debtors accrue continued administrative expenses for, among other things, rent and related
expenses, jeopardize doctor relationships and risk the potential loss of patients.  Moreover, the
Chapter 7 Trustee believes that the probability that a competing bidder will actually emerge with
an offer higher or better to top a prospective $135,428 offer in the aggregate for the Assets in the
Acquired Locations does not justify the costs and risks associated with delay.

27.    As a result, the transaction with the Buyers allows the Chapter 7 Trustee to
maximize the value of the Assets, provides a significant benefit to the Debtors' estates, and
allows the Debtors' estates to avoid significant claims.  Because a private sale is specifically
authorized under Bankruptcy Rule 6004 and the Chapter 7 Trustee believes that the Buyers'
offers are the highest and best offer for the Assets (indeed, the Chapter 7 Trustee does not
believe any other offer could be obtained), the Chapter 7 Trustee requests that the Court approve
the proposed private sale of the Assets to the Buyers in accordance with the APAs.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached
to this Motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

**E.**      **The Sale Will Not Require the Appointment of a Consumer Privacy Ombudsman**

28.      The sale of the Assets will not necessitate the appointment of a consumer

privacy ombudsman in accordance with Section 332 of the Bankruptcy Code.  Section 363(b)(l)

of the Bankruptcy Code provides that:

> if the debtor in connection with offering a product or a service
> discloses to an individual a policy prohibiting the transfer of
> personally identifiable information about individuals to persons
> that are not affiliated with the debtor and if such policy is in effect
> on the date of the commencement of the case, then the trustee may
> not sell or lease personally identifiable information to any person
> unless . . . such sale or such lease is consistent with such policy.

11 U.S.C. § 363(b)(l).

29.      Section 101(41A) defines "personally identifiable information" as an

individual's name, residence address, email address, telephone number, social security number

or credit card number, as well as an individual's birth date or other information that, if associated

with the information described previously, would permit the identification or contacting of the

individual."  11 U.S.C. § 101(41A).

30.      The Trustee has been advised that, in the ordinary course of business,

when a patient visited a clinic, such patient completed a client questionnaire, a skin assessment, a

"what services are you interested in form" and there was a receipt and financing documents (if

applicable) upon purchase of services.  None of these documents contained a policy prohibiting

the transfer of personally identifiable information about individuals.

31.      In addition, the Trustee has been advised that, in the ordinary course of

business, the Debtors collected personally identifiable information from customers that filled out

questionnaires through their website and requested a consultation.  The Debtors' website

contains a privacy policy, which states, in pertinent part:

> We do not sell, share or release any information about Website
> users to any third parties, unless requested to do so by that user.
> Personal information about individual Website users, as submitted
> as part of a service or information request, will not be shared in
> any way without specific consent from the user.  However, we may
> disclose information when legally compelled to do so.

32.    Thus, the Debtors advise their customers that their personal information collected through their website will not be sold, shared or released to third-parties unless requested to do so by that user.  The information collected from the customers includes "personally identifiable information" as that term is defined in Section 101(41A).

33.    A consumer privacy ombudsman will not be required, however, because the Buyers of the Assets will serve as successors-in-interest to the Debtors' privacy policy and utilize the "personally identifiable information" in exactly the same fashion as the Debtors. Accordingly, this Court may authorize the proposed sale without appointing a consumer privacy ombudsman as provided in 11 U.S.C. § 363(b)(l).

## F.    Relief from the Fourteen Day Waiting Period Under Bankruptcy Rule 6004(h) is Appropriate

34.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Chapter 7 Trustee respectfully requests that the Sale Order be effective immediately by providing that the fourteen (14) day stay period under Bankruptcy Rule 6004(h) is waived.

35.    The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented.  See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).  Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen (14) day stay period, a leading treatise suggests that the fourteen (14) day stay

period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to procedure."  10 COLLIER ON BANKRUPTCY ¶ 6004.10 (Alan N. Resnick & Henry J. Somme reds., 15th ed. rev. 2009).  Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.  Id.  The Chapter 7 Trustee seeks authority to transfer the Assets and close on the transaction no later than December 31, 2014 consistent with his obligation under the APAs to use commercial reasonable efforts to do so.  Accordingly, the Chapter 7 Trustee hereby requests that the Court waive the fourteen (14) day stay period under Bankruptcy Rule 6004(h).

## NOTICE

36.     Notice of this Motion is being provided to: (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801 (Attention: Juliet M. Sarkessian); (b) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attention: Robert S. Brady); (c) counsel to Bellus ALC Funding, LLC, Blank Rome LLP, 1201 Market Street Suite 800, Wilmington, DE 19801 (Attention: Regina Kelbon); (d) VIP Weight Solutions, LLC d/b/a VIP Med Spa, Attention: Ajay J. Pathak, MD (E-Mail: dallasprimarycare@gmail.com); (e) Arijai Aesthetic & Wellness Corp., Attention: Christopher L. Balgobin, M.D. (E-Mail: doctorbmedspa@gmail.com); (f) counterparties to executory contracts and unexpired leases proposed to be assumed and assigned to the Buyers; (g) all parties known to possess a lien on, or security interest in, the Assets; (h) the twenty (20) largest unsecured creditors in these Chapter 7 cases; and (i) all parties entitled to notice pursuant to Local Rule 2002-1 (other than those parties set forth above, including all parties who file a

request for service of notices under Fed. R. Bankr. P. 2002(i) and all parties whose rights are affected by this Motion).  The Chapter 7 Trustee submits that, under the circumstances, no other or further notice is required.

**<u>NO PRIOR REQUEST</u>**

37.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, for the reasons stated herein, the Chapter 7 Trustee respectfully request that the grant the relief requested in the Motion, enter the Proposed Order, and grant such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
        January 13, 2015

**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**

*/s/ Norman L. Pernick*
Norman L. Pernick (No. 2290)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489 -1536

*Proposed Counsel to Alfred T. Giuliano, Chapter 7 Trustee*