## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AMERICAN LASER SKINCARE, LLC, a Delaware limited liability company<br>Debtor.<br><br>Employer Tax I.D. No. XX-XXX4013 | Case No. 14-12685 (BLS)<br><br>**Hearing Date and Time: N/A**<br>**Objection Deadline: N/A** |
| In re: | Chapter 7 |
| BELLUS ALC HOLDINGS, LLC, a Delaware limited liability company<br>Debtor.<br><br>Employer Tax I.D. No. XX-XXX0343 | Case No. 14-12686 (BLS) |
| In re: | Chapter 7 |
| BELLUS ALC OF ALABAMA, LLC, a Delaware limited liability company<br>Debtor.<br><br>Employer Tax I.D. No. XX-XXX6703 | Case No. 14-12687 (BLS) |
| In re: | Chapter 7 |
| BELLUS ALC OF ARIZONA, LLC, a Delaware limited liability company<br>Debtor.<br><br>Employer Tax I.D. No. XX-XXX7408 | Case No. 14-12688 (BLS) |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF CALIFORNIA, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12689 (BLS) |
| Employer Tax I.D. No. XX-XXX6712 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF COLORADO, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12690 (BLS) |
| Employer Tax I.D. No. XX-XXX7427 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF CONNECTICUT, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12691 (BLS) |
| Employer Tax I.D. No. XX-XXX6721 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF FLORIDA, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12692 (BLS) |
| Employer Tax I.D. No. XX-XXX3380 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF GEORGIA, LLC,<br>a Delaware limited liability company<br>Debtor. | Case No. 14-12693 (BLS) |
| Employer Tax I.D. No. XX-XXX5952 | |

53617/0001-11405536v1

| In re: | Chapter 7 |
| BELLUS ALC OF ILLINOIS, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12694 (BLS) |
| Employer Tax I.D. No. XX-XXX7086 | |

| In re: | Chapter 7 |
| BELLUS ALC OF INDIANA, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12695 (BLS) |
| Employer Tax I.D. No. XX-XXX5197 | |

| In re: | Chapter 7 |
| BELLUS ALC OF IOWA, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12696 (BLS) |
| Employer Tax I.D. No. XX-XXX2659 | |

| In re: | Chapter 7 |
| BELLUS ALC OF KANSAS, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12697 (BLS) |
| Employer Tax I.D. No. XX-XXX7501 | |

| In re: | Chapter 7 |
| BELLUS ALC OF LOUISIANA, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12699 (BLS) |
| Employer Tax I.D. No. XX-XXX5443 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MARYLAND, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12700 (BLS) |
| Employer Tax I.D. No. XX-XXX8432 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MASSACHUSETTS, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12701 (BLS) |
| Employer Tax I.D. No. XX-XXX7640 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MICHIGAN, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12702 (BLS) |
| Employer Tax I.D. No. XX-XXX8276 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MINNESOTA, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12703 (BLS) |
| Employer Tax I.D. No. XX-XXX7650 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF MISSOURI, LLC, a Delaware limited liability company<br>Debtor. | Case No. 14-12704 (BLS) |
| Employer Tax I.D. No. XX-XXX7484 | |

53617/0001-11405536v1

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF NEVADA, LLC,<br>a Delaware limited liability company<br>                                Debtor. | Case No. 14-12705 (BLS) |
| Employer Tax I.D. No. XX-XXX8179 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF NEW YORK, LLC,<br>a Delaware limited liability company<br>                                Debtor. | Case No. 14-12706 (BLS) |
| Employer Tax I.D. No. XX-XXX8793 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF NORTH CAROLINA, LLC,<br>a Delaware limited liability company<br>                                Debtor. | Case No. 14-12707 (BLS) |
| Employer Tax I.D. No. XX-XXX8222 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF PENNSYLVANIA, LLC,<br>a Delaware limited liability company<br>                                Debtor. | Case No. 14-12708 (BLS) |
| Employer Tax I.D. No. XX-XXX3807 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF PUERTO RICO, LLC,<br>a Delaware limited liability company<br>                                Debtor. | Case No. 14-12709 (BLS) |
| Employer Tax I.D. No. XX-XXX9015 | |

53617/0001-11405536v1

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF SOUTH CAROLINA, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12710 (BLS) |
| Employer Tax I.D. No. XX-XXX8451 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF TENNESSEE, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12711 (BLS) |
| Employer Tax I.D. No. XX-XXX9025 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF TEXAS, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12712 (BLS) |
| Employer Tax I.D. No. XX-XXX8458 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF UTAH, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12713 (BLS) |
| Employer Tax I.D. No. XX-XXX9033 | |

| | |
|---|---|
| In re: | Chapter 7 |
| BELLUS ALC OF VIRGINIA, LLC, a Delaware limited liability company<br>                                          Debtor. | Case No. 14-12714 (BLS) |
| Employer Tax I.D. No. XX-XXX6772 | |

53617/0001-11405536v1

| | |
|---|---|
| In re:<br><br>BELLUS ALC OF WASHINGTON, LLC,<br>a Delaware limited liability company<br>                    Debtor.<br><br>Employer Tax I.D. No. XX-XXX9059 | Chapter 7<br><br>Case No. 14-12715 (BLS) |
| In re:<br><br>BELLUS ALC OF WISCONSIN, LLC,<br>a Delaware limited liability company<br>                    Debtor.<br><br>Employer Tax I.D. No. XX-XXX6790 | Chapter 7<br><br>Case No. 14-12716 (BLS) |

## MOTION TO SHORTEN NOTICE AND OBJECTION PERIOD IN CONNECTION WITH MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 363 AUTHORIZING AND APPROVING THE SALE OF ASSETS OF THE ESTATES TO VIP WEIGHT SOLUTIONS, LLC D/B/A VIP MED SPA AND ARIJAI AESTHETIC & WELLNESS CORP. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

Alfred T. Giuliano, chapter 7 trustee (the "**Chapter 7 Trustee**") of American Laser Skincare, LLC and its related debtors (collectively, the "**Debtors**"), by and through his undersigned proposed counsel, files this motion (this "**Motion to Shorten**"), for entry of an order, pursuant to Rules 9006(c)(1), 9007 and 2002(m) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening the notice period applicable to the motion (the "**Motion**"),[1] pursuant to Sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C.

---

[1]       All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 101-1532 (the "**Bankruptcy Code**"), Bankruptcy Rules 2002, 6004, 9007 and 9014, and Local Rule 6004-1, authorizing and approving the sale of certain assets of the Debtors to VIP Weight Solutions, LLC d/b/a VIP Med Spa and Arijai Aesthetic & Wellness Corp., free and clear of liens, claims, interests and encumbrances.  In support of this Motion to Shorten, the Chapter 7 Trustee respectfully states as follows:

<h3 align="center">BACKGROUND</h3>

1.      The Debtors, headquartered in Farmington Hills, Michigan, were formerly a leading provider of laser hair removal, skin rejuvenation, and other minimally-invasive cosmetic procedures across a nationwide network of 136 locations throughout 25 states.  Due to, among other reasons, operational shortcomings and macroeconomic deterioration, which created substantial financial difficulties, the Debtors were forced to cease operations on November 14, 2014.

2.      On December 4, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 7 of the Bankruptcy Code (the "**Chapter 7 Cases**").

3.      On December 5, 2014, the United States Trustee appointed the Chapter 7 Trustee.

4.      Contemporaneously with the filing of this Motion to Shorten, the Chapter 7 Trustee is filing the Motion.

<h3 align="center">RELIEF REQUESTED</h3>

5.      By this Motion to Shorten, the Chapter 7 Trustee respectfully requests entry of an Order shortening the notice period and objection deadline so that the Motion can be heard as soon as the Court's calendar permits for the reasons set forth below.  Further, the Chapter 7 Trustee requests that the Court shorten the period for notice of the hearing on the Motion, with objections, if any, to be made on or before 4:00 p.m. (Eastern) on the day that is two (2) business

53617/0001-11405536v1

days before the hearing.

6.      Pursuant to Local Rule 9006-1(c), parties are required to provide at least twenty-one days notice of all motions served by first class mail, unless approval of shortened notice is granted by the Court.

7.      Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced").  This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

8.      Here, the facts justify shortening notice and the relief requested herein should be granted.  As more fully discussed in the Motion, on November 14, 2014, the Debtors ceased operating.  Prior to ceasing operations, the Debtors sought to sell substantially all of their assets as a going concern.  Although the Debtors were unsuccessful in selling substantially all of their assets as a going concern, during that marketing process, the Debtors received indications of interest for some of their 136 locations.

9.      Some of those indications of interest have materialized into definitive transactions.  As more fully discussed in the Motion, the Chapter 7 Trustee proposes to sell all of the assets, properties, rights and claims, whether tangible or intangible, which are located at the Acquired Locations[2] pursuant to two separate asset purchase agreements (the "**APAs**").

---

[2] The Acquired Locations include the facilities at the following locations: (A) (i) North Park, 8611 Hillcrest Road, Dallas, TX 75225; (ii) Plano, 6541 Preston Road, Plano, TX 75024; (iii) Colleyville, 104 Grapevine Highway, Hurst, TX 76054; and (iv) Fort Worth, 800 8th Avenue, Fort Worth, TX 76104; (B) (i) Brea, 330 E. Lambert, Brea, CA 92821; (ii) La Jolla, 4510 Executive Drive, San Diego, CA 92121; (iii) Ontario, 901 Via Piemonte, Ontario, CA

10.     Each APA requires the buyer to assume certain liabilities, including defaults under certain commercial office leases and equipment leases, and patient treatment liabilities, as well as waiving claims against the Debtors' estates.  The Chapter 7 Trustee submits that the proposed sales were negotiated at arm's length and entered into in good faith by the parties and the Chapter 7 Trustee desires to close on the transactions as soon as reasonably practicable so as to maximize value for the Debtors' estates.

11.     In addition, there is an outside closing date under each APA that allows the buyer to terminate the APA if a closing does not occur by February 15, 2015.  To satisfy the Chapter 7 Trustee's obligations under the APAs, the Chapter 7 Trustee is hereby seeking a prompt hearing on the Motion.

12.     The Chapter 7 Trustee submits that no one will be prejudiced by a hearing on shortened notice.  In light of the nature of the relief sought, the Chapter 7 Trustee submits that such shortened notice is reasonable.

13.     Accordingly, the Chapter 7 Trustee respectfully request that the notice period be shortened so that the Motion can be heard as soon as reasonably practicable.

---

91764; and (iv) Temecula, 41607 Margarita Road, Suite 100, Temecula, CA 92591; and (C) (i) Maple Grove, 7270 Forestview Lane, Maple Grove, MN 55109; (ii) Burnsville, 14050 Nicollet Avenue South, Burnsville, MN 55337; (iii) Edina, 7550 France Avenue South, Edina, MN 55435; and (iv) Woodbury, 7616 Currell Boulevard, Woodbury, MN 55125.

WHEREFORE, the Chapter 7 Trustee respectfully requests the entry of an Order (i) granting this Motion to Shorten, and (ii) granting such other and further relief as this Court deems just.

Dated: Wilmington, Delaware
       January 13, 2015

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**

*/s/ Norman L. Pernick*
Norman L. Pernick (No. 2290)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536

*Proposed Counsel to Alfred T. Giuliano,
Chapter 7 Trustee*