**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN LASER SKINCARE, LLC, *et al*.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 14-12685 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: Pursuant to Order Shortening Time<br>Objection Deadline: Pursuant to Order Shortening Time |

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 363 AUTHORIZING AND APPROVING THE SALE OF ASSETS OF THE ESTATES TO ABH RESOURCES, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

Alfred T. Giuliano, chapter 7 trustee (the "**Chapter 7 Trustee**") of American Laser Skincare, LLC and its related debtors (collectively, the "**Debtors**"), by and through his undersigned counsel, hereby moves (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure for the

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Laser Skincare, LLC (4698); Bellus ALC Holdings, LLC (0343); Bellus ALC of Alabama, LLC (8558); Bellus ALC of Arizona, LLC (8562); Bellus ALC of California, LLC (8573); Bellus ALC of Colorado, LLC (8570); Bellus ALC of Connecticut, LLC (8574); Bellus ALC of Florida, LLC (8579); Bellus ALC of Georgia, LLC (8578); Bellus ALC of Illinois, LLC (8583); Bellus ALC of Indiana, LLC (8587); Bellus ALC of Iowa, LLC (8593); Bellus ALC of Kansas, LLC (8594); Bellus ALC of Louisiana, LLC (8605); Bellus ALC of Maryland, LLC (8432); Bellus ALC of Massachusetts, LLC (8606); Bellus ALC of Michigan, LLC (8608); Bellus ALC of Minnesota, LLC (8560); Bellus ALC of Missouri, LLC (8585); Bellus ALC of Nevada, LLC (8566); Bellus ALC of New York, LLC (8569); Bellus ALC of North Carolina, LLC (8572); Bellus ALC of Pennsylvania, LLC (8581); Bellus ALC of Puerto Rico, LLC (8576); Bellus ALC of South Carolina, LLC (8580); Bellus ALC of Tennessee, LLC (8588); Bellus ALC of Texas, LLC (8592); Bellus ALC of Utah, LLC (8602); Bellus ALC of Virginia, LLC (8603); Bellus ALC of Washington, LLC (8599); Bellus ALC of Wisconsin, LLC (8607). The Debtors' mailing address is 4555 Hallwood Court, Farmington Hills, MI 48335.

United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing and approving the sale of certain assets of the Debtors to ABH Resources, Inc. free and clear of liens, claims, interests and encumbrances. In support of this Motion, the Chapter 7 Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007 and 9014 and Local Rules 6004-1.

## BACKGROUND

3. The Debtors, headquartered in Farmington Hills, Michigan, were formerly a leading provider of laser hair removal, skin rejuvenation, and other minimally-invasive cosmetic procedures across a nationwide network of 136 locations throughout 25 states. Due to, among other reasons, operational shortcomings and macroeconomic deterioration, which created substantial financial difficulties, the Debtors were forced to cease operations on November 14, 2014.

4. On December 4, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 7 of the Bankruptcy Code (the "**Chapter 7 Cases**").

5. By this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rules 2002, 6004, 9007 and 9014 authorizing and approving the sale of all of the assets, properties, rights and claims, whether tangible or

2

intangible (collectively, the "**Assets**"), which are located at the Acquired Locations (as set forth below) pursuant to the terms of that certain asset purchase agreement (the "**APA**") by and between American Laser Skincare, LLC ("**ALS**") and Bellus ALC of Texas, LLC ("**Bellus Texas**," and together with ALS, collectively, the "**Sellers**"), and ABH Resources, Inc. ("**Buyer**," and together with Sellers, collectively, the "**Parties**"), for the purchase of the Assets at the Acquired Locations free and clear of liens, claims, interests and encumbrances. The APA is attached as **Exhibit B**.

6. The Chapter 7 Trustee desires to sell the Assets. The salient terms of the APA is as follows:

|  | **APA** |
|---|---|
| **Seller** | American Laser Skincare, LLC and Bellus ALC of Texas, LLC |
| **Buyer** | ABH Resources, Inc. |
| **Acquired Locations** | (i) 4150 Westheimer Raod, Suite 103, Houston, TX 77027; (ii) 251 Medical Center Blvd., Suite 130, Webster, TX 77598; (iii) 13325 Hargrave, Suite 140, Houston, TX 77070; (iv) 9420 College Park Drive, Suite 200, The Woodlands, TX 77384; (v) 19141 Stone Oak Parkway, Suite 506, San Antonio TX 78258; and (vi) 7959 Broadway, Suite 15, San Antonio TX 78209 |
| **Purchase Price** | $70,000.00 |
| **Assumed Liabilities** | patient treatment liabilities in all of the Acquired Locations and commissions, if any, owed to MedShare Technologies |
| **Other** | Buyer waiving claims against the Debtors' estates |

7. The Chapter 7 Trustee submits that the proposed sale was negotiated at arm's length and entered into in good faith by the Parties. The Chapter 7 Trustee believes this sale is fair and reasonable and will provide a benefit to the Debtors' estates and their creditors.

8. The Chapter 7 Trustee further believes that the cost and delay arising from a competitive auction process or pursuing a potential transaction with an entity other than the

Buyer would be reasonably unlikely to increase value for the estates. The present Motion therefore reflects the Chapter 7 Trustee's decision to sell the Assets to the Buyer through a private sale.

## LOCAL RULE 6004-1 REQUIREMENTS

9. In accordance with Local Rule 6004-1, the Chapter 7 Trustee respectfully represents the following:

    a) <u>Sale to Insider</u>: Buyer is not an "insider" of the Debtors within the meaning set forth in Section 101(31) of the Bankruptcy Code.

    b) <u>Agreements with Management</u>: None.

    c) <u>Releases</u>: As set forth herein, the Chapter 7 Trustee will sell the Assets free and clear of liens, claims, interests and encumbrances. Upon closing, the Debtors under the APA will be released from their obligations under the Assumed Treatment Obligations (as defined in the APA).

    d) <u>Private Sale/No Competitive Bidding</u>. The Chapter 7 Trustee will conduct a private sale.

    e) <u>Closing and Other Deadlines</u>. The closing shall take place within one business day following the satisfaction or waiver of all of the conditions to closing that are set forth in Section 6.0 and 7.0 of the APA. If the closing has not occurred before March 15, 2015, either Buyer or Seller may terminate the APA and upon such termination, the Chapter 7 Trustee shall remit the deposit to the Buyer; however, if the transaction contemplated by the APA fails to close for any other reason, Buyer agrees that the deposit shall remain with Chapter 7 Trustee as liquidated damages, and not as a penalty.

       f) <u>Good Faith Deposit</u>.  The Buyer has submitted a $70,000.00 good faith deposit.

       g) <u>Interim Arrangements with Buyers</u>.  None.

       h) <u>Use of Proceeds</u>.  The Chapter 7 Trustee intends to hold the sale proceeds for the benefit of creditors.

       i) <u>Tax Exemption</u>.  None.

       j) <u>Record Retention</u>.  The Chapter 7 Trustee intends to sell and transfer all books and records of the Sellers (other than corporate organizational records and income tax returns) applicable to the Acquired Locations, including all financial books and records, customer/patient, medical, vendor and representative lists and records, sales literature, catalogs, plans, drawings, purchase orders, databases, invoices, brochures, receipts, all marketing, accounting, financial or business records and materials, and all other materials relating in any manner to the operation of the business at the Acquired Locations; <u>provided, however</u>, that the Chapter 7 Trustee shall retain certain accounting and tax records, and other records related to these bankruptcy cases and his statutory duties as Chapter 7 Trustee; <u>provided, further, however</u>, the Buyer shall have a right to a copy of such records as it deems necessary (at Buyer's cost for copying)

       k) <u>Sale of Avoidance Actions</u>.  None.

       l) <u>Findings as to Successor Liability</u>.  The Buyer seeks a finding from this Court that it has no successor liability.

       m) <u>Sale Free and Clear of Unexpired Leases</u>.  The APA requires the Chapter 7 Trustee on behalf of the Debtors' estates to transfer the Assets to the Buyer free and clear of all Encumbrances (as defined in the APA).

         n)      <u>Credit Bid</u>.  None.

         o)      <u>Relief from Bankruptcy Rule 6004(h)</u>.  The Chapter 7 Trustee is seeking relief from the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

## **RELIEF REQUESTED AND BASIS THEREFOR**

10. By this Motion, the Chapter 7 Trustee respectfully requests that this Court approve the APA and the sale of the Assets to the Buyer under Sections 105(a) and 363 of the Bankruptcy Code.

**A. The APA and Sale of the Assets Should Be Approved Under Section 363(b) of the Bankruptcy Code**

11. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate …." 11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor.  <u>See</u>, <u>e.g.</u>, <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 395 (3d Cir. 1996); <u>In re Montgomery Ward Holding Corp.</u>, 242 B.R. 147, 153 (D. Del. 1999); <u>In re Del. & Hudson Ry. Co.</u>, 124 B.R. 169, 176 (D. Del. 1991); <u>In re Trans World Airlines, Inc.</u>, No. 01-00056, 2001 Bankr. LEXIS 980, at *29 (Bankr. D. Del. Apr. 2, 2001).

12. The Chapter 7 Trustee's proposed sale of the Assets to the Buyer under the terms of the APA satisfies the "sound business purpose" test for the sale of assets outside the ordinary course of business under Section 363(b) of the Bankruptcy Code.  The Chapter 7 Trustee desires to obtain the highest possible value for the Assets realizable in the Debtors' current circumstances, for the benefit of the Debtors' estates.  The proposed sale was negotiated

at arm's length and entered into in good faith by the Parties.  The Chapter 7 Trustee believes these sales are fair and reasonable and will provide a benefit to the Debtors' estates.

**B.** **The Transfer of the Assets Free and Clear of Liens, Claims, Interests and Encumbrances Should be Approved Under Section 363(f) of the Bankruptcy Code**

13. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if: (a) applicable non-bankruptcy law permits such a "free and clear" sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

14. The Chapter 7 Trustee proposes to sell the Assets in a commercially reasonable manner in an effort to obtain the highest consideration for such Assets, and expects that the value of the proceeds from the sale will fairly reflect the value of the property sold.  The Chapter 7 Trustee further proposes that any party with a valid, perfected and unavoidable lien on the Assets sold pursuant to this Motion will have a corresponding security interest in the proceeds of such sale.  Moreover, the Chapter 7 Trustee is undertaking the sale of the Assets in cooperation with Bellus ALC Funding, LLC, the Debtors' secured lender, who consents to the release of their liens on the Assets in accordance with that certain *Order Approving Stipulation for Funding, Use of Cash Collateral and Granting of Releases* [Docket No. 67].  See 11 U.S.C. § 363(f)(2).  Furthermore, the Chapter 7 Trustee proposes that the failure to object to the entry of the order approving this Motion will be deemed "consent" to the sale pursuant to the order within the meaning of Section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied.

7

February 16, 2015

### C.     Good Faith Under Section 363(m) of the Bankruptcy Code

15.     Section 363(m) of the Bankruptcy Code provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."  11 U.S.C. § 363(m).

16.     While the Bankruptcy Code does not define "good faith," the Third Circuit in In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986) has held that "[t]he requirement that a purchaser act in good faith. . . speaks to the integrity of his conduct in the course of the sale proceedings.  Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."  788 F.2d at 147 (citations omitted).

17.     The APA was a negotiated, arm's-length transaction, in which the Parties acted in good faith and in compliance with the Abbotts Dairies standards.   The Chapter 7 Trustee thus requests that the Court find that the Buyer purchased the Assets in good faith within the meaning of section 363(m) of the Bankruptcy Code.

### D.     A Private Sale of the Assets is Appropriate Under Bankruptcy Rule 6004

18.     Bankruptcy Rule 6004(f) and Local Rule 6004-11 (b)(iv)(D) permit a debtor to conduct a private sale pursuant to section 363 of the Bankruptcy Code.  Specifically, Bankruptcy Rule 6004(f) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."  Fed. R. Bankr. P. 6004(f)(1) (emphasis added).  See In re

8

Alisa P'ship, 15 B.R. 802, 802 (Bankr. D. Del 1981) (holding that manner of sale is within the debtor's discretion); In re Bakalis, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (stating that debtor has authority to conduct public or private sales of estate property).

19. Accordingly, in light of Bankruptcy Rule 6004(f) and case law regarding section 363 sales, a debtor may conduct a private sale if a good business reason exists. See, e.g., In re Pritam Realty, Inc., 233 B.R. 619 (D.P.R. 1999) (upholding the bankruptcy court's approval of a private sale conducted by a chapter 11 debtor); In re Condere Corp., 228 B.R. 615, 629 (Bankr. S.D. Miss. 1998) (authorizing private sale of debtors' tire company where "[d]ebtor has shown a sufficient business justification for the sale of the assets to the [p]urchaser"); In re Embrace Sys. Corp., 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) ("A large measure of discretion is available to a bankruptcy court in determining whether a private sale should be approved. The court should exercise its discretion based upon the facts and circumstances of the proposed sale."); In re Wieboldt Stores, Inc., 92 B.R. 309 (N.D. Ill. 1988) (affirming right of chapter 11 debtor to transfer assets by private sale).

20. Indeed, courts in this and other districts have approved private sales of estate property pursuant to section 363(b)(1) when there has been a valid business reason for not conducting an auction. See, e.g., Buffets Holdings, Inc., No. 08-10141 (MFW) (Bankr. D. Del. Feb. 3, 2009) (approving the private sale of real property for approximately $2.4 million); In re W.R. Grace & Co., No. 01-01139 (JKF) (Bankr. D. Del. Dec. 18, 2008) (approving the private sale of real property for approximately $3.8 million); In re Wellman, Inc., No. 08-10595 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2008) (approving private sale of industrial complex capable of converting recycled carpet into nylon engineered resins for $17.9 million); In re W.R. Grace & Co., No. 01-01139 (JKF) (Bankr. D. Del. July 23, 2007) (authorizing private sale of business line

9

which designs and manufactures materials used in catalytic converters to remove pollutants produced by engines for approximately $22 million); In re Solutia, Inc., No. 03-17949 (SCC) (Bankr S.D.N.Y. Dec. 28, 2006) (approving private sale of real property for approximately $7.1 million).[2]

21.     The Chapter 7 Trustee submits that the proposed private sale of the Assets to the Buyer in accordance with the APA is appropriate in light of the facts and circumstances of these Chapter 7 cases. Specifically, the Chapter 7 Trustee has been advised that the Assets were marketed extensively prior to the Petition Date. For each day that passes, the Debtors accrue continued administrative expenses for, among other things, rent and related expenses, jeopardize doctor relationships and risk the potential loss of patients. Moreover, the Chapter 7 Trustee believes that the probability that a competing bidder will actually emerge with an offer higher or better to top a prospective $70,000 offer in the aggregate for the Assets in the Acquired Locations does not justify the costs and risks associated with delay.

22.     As a result, the transaction with the Buyer allows the Chapter 7 Trustee to maximize the value of the Assets, provides a significant benefit to the Debtors' estates, and allows the Debtors' estates to avoid significant claims. Because a private sale is specifically authorized under Bankruptcy Rule 6004 and the Chapter 7 Trustee believes that the Buyer's offer is the highest and best offer for the Assets (indeed, the Chapter 7 Trustee does not believe any other offer could be obtained), the Chapter 7 Trustee requests that the Court approve the proposed private sale of the Assets to the Buyer in accordance with the APA.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

### E.     The Sale Will Require the Appointment of a Consumer Privacy Ombudsman

23.     Pursuant to Local Rule 6004-1(b)(iii), the sale of the Assets will necessitate the appointment of a consumer privacy ombudsman in accordance with Sections 363(b)(l) and 332 of the Bankruptcy Code.  The Chapter 7 Trustee requests, therefore, that the Office of the United States Trustee appoint a consumer privacy ombudsman as soon as reasonably practicable.

### F.     Relief from the Fourteen Day Waiting Period Under Bankruptcy Rule 6004(h) is Appropriate

24.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Chapter 7 Trustee respectfully requests that the Sale Order be effective immediately by providing that the fourteen (14) day stay period under Bankruptcy Rule 6004(h) is waived.

25.     The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented.  See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).  Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen (14) day stay period, a leading treatise suggests that the fourteen (14) day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to procedure."  10 COLLIER ON BANKRUPTCY ¶ 6004.10 (Alan N. Resnick & Henry J. Somme reds., 15th ed. rev. 2009).  Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.  Id.  The Chapter 7 Trustee seeks authority to transfer the Assets and close on the transaction no later than February 20, 2015

11

consistent with his obligation under the APA. Accordingly, the Chapter 7 Trustee hereby requests that the Court waive the fourteen (14) day stay period under Bankruptcy Rule 6004(h).

## NOTICE

26. Notice of this Motion is being provided to: (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801 (Attention: Juliet M. Sarkessian); (b) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attention: Robert S. Brady); (c) counsel to Bellus ALC Funding, LLC, Blank Rome LLP, 1201 Market Street Suite 800, Wilmington, DE 19801 (Attention: Regina Kelbon); (d) ABH Resources, Inc., 13202 Regency Oak Lane, Cypress, Texas 77429 (Attn: Mark T. Phelps); (e) all parties known to possess a lien on, or security interest in, the Assets; (f) the twenty (20) largest unsecured creditors in these Chapter 7 cases; and (g) all parties entitled to notice pursuant to Local Rule 2002-1 (other than those parties set forth above, including all parties who file a request for service of notices under Fed. R. Bankr. P. 2002(i) and all parties whose rights are affected by this Motion). The Chapter 7 Trustee submits that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

27. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, for the reasons stated herein, the Chapter 7 Trustee respectfully request that the grant the relief requested in the Motion, enter the Proposed Order, and grant such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
February 16, 2015

**COLE SCHOTZ P.C.**

*/s/ David W. Giattino*
Norman L. Pernick (No. 2290)
David W. Giattino (No. 5614)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536

*Counsel to Alfred T. Giuliano,*
*Chapter 7 Trustee*