## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN LASER SKINCARE, LLC,<br>*et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 14-12685 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: N/A**<br>**Objection Deadline: N/A** |

### MOTION TO SHORTEN NOTICE AND OBJECTION PERIOD IN CONNECTION WITH MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 363 AUTHORIZING AND APPROVING THE SALE OF ASSETS OF THE ESTATES TO ABH RESOURCES, INC. FREE AND CLEAR OF LIENS, CLAIMS, <u>INTERESTS AND ENCUMBRANCES</u>

Alfred T. Giuliano, chapter 7 trustee (the "**Chapter 7 Trustee**") of American Laser Skincare, LLC and its related debtors (collectively, the "**Debtors**"), by and through his undersigned proposed counsel, files this motion (this "**Motion to Shorten**"), for entry of an order, pursuant to Rules 9006(c)(1), 9007 and 2002(m) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening the notice period applicable to the motion (the

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Laser Skincare, LLC (4698); Bellus ALC Holdings, LLC (0343); Bellus ALC of Alabama, LLC (8558); Bellus ALC of Arizona, LLC (8562); Bellus ALC of California, LLC (8573); Bellus ALC of Colorado, LLC (8570); Bellus ALC of Connecticut, LLC (8574); Bellus ALC of Florida, LLC (8579); Bellus ALC of Georgia, LLC (8578); Bellus ALC of Illinois, LLC (8583); Bellus ALC of Indiana, LLC (8587); Bellus ALC of Iowa, LLC (8593); Bellus ALC of Kansas, LLC (8594); Bellus ALC of Louisiana, LLC (8605); Bellus ALC of Maryland, LLC (8432); Bellus ALC of Massachusetts, LLC (8606); Bellus ALC of Michigan, LLC (8608); Bellus ALC of Minnesota, LLC (8560); Bellus ALC of Missouri, LLC (8585); Bellus ALC of Nevada, LLC (8566); Bellus ALC of New York, LLC (8569); Bellus ALC of North Carolina, LLC (8572); Bellus ALC of Pennsylvania, LLC (8581); Bellus ALC of Puerto Rico, LLC (8576); Bellus ALC of South Carolina, LLC (8580); Bellus ALC of Tennessee, LLC (8588); Bellus ALC of Texas, LLC (8592); Bellus ALC of Utah, LLC (8602); Bellus ALC of Virginia, LLC (8603); Bellus ALC of Washington, LLC (8599); Bellus ALC of Wisconsin, LLC (8607). The Debtors' mailing address is 4555 Hallwood Court, Farmington Hills, MI 48335.

"**Motion**"),[2] pursuant to Sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Bankruptcy Rules 2002, 6004, 9007 and 9014, and Local Rule 6004-1, authorizing and approving the sale of certain assets of the Debtors to ABH Resources, Inc. free and clear of liens, claims, interests and encumbrances.  In support of this Motion to Shorten, the Chapter 7 Trustee respectfully states as follows:

## BACKGROUND

1.      The Debtors, headquartered in Farmington Hills, Michigan, were formerly a leading provider of laser hair removal, skin rejuvenation, and other minimally-invasive cosmetic procedures across a nationwide network of 136 locations throughout 25 states.  Due to, among other reasons, operational shortcomings and macroeconomic deterioration, which created substantial financial difficulties, the Debtors were forced to cease operations on November 14, 2014.

2.      On December 4, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 7 of the Bankruptcy Code (the "**Chapter 7 Cases**").

3.      On December 5, 2014, the United States Trustee appointed the Chapter 7 Trustee.

4.      Contemporaneously with the filing of this Motion to Shorten, the Chapter 7 Trustee is filing the Motion.

## RELIEF REQUESTED

5.      By this Motion to Shorten, the Chapter 7 Trustee respectfully requests entry of an Order shortening the notice period and objection deadline so that the Motion can be heard on March 5, 2015, at 11:00 a.m. (EST) for the reasons set forth below.  Further, the Chapter 7

---

[2]      All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Trustee requests that the Court shorten the period for notice of the hearing on the Motion, with objections, if any, to be made on or before 4:00 p.m. (Eastern) on the day that is three (3) business days before the hearing.  The Chapter 7 Trustee has conferred with, and received consent from, the Office of the United States Trustee, concerning the relief requested in this Motion to Shorten.

6.     Pursuant to Local Rule 9006-1(c), parties are required to provide at least twenty-one days notice of all motions served by first class mail, unless approval of shortened notice is granted by the Court.  Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced").  This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

7.     Here, the facts justify shortening notice and the relief requested herein should be granted.  As more fully discussed in the Motion, on November 14, 2014, the Debtors ceased operating.  Prior to ceasing operations, the Debtors sought to sell substantially all of their assets as a going concern.  Although the Debtors were unsuccessful in selling substantially all of their assets as a going concern, during that marketing process, the Debtors received indications of interest for some of their 136 locations.

8.     Some of those indications of interest have materialized into definitive transactions.  As more fully discussed in the Motion, the Chapter 7 Trustee proposes to sell all of the assets, properties, rights and claims, whether tangible or intangible, which are located at the

3

Acquired Locations[3] pursuant to an asset purchase agreement (the "**APA**").

9.      The APA requires the buyer to assume certain liabilities, including patient treatment liabilities, as well as waiving claims against the Debtors' estates.  The Chapter 7 Trustee submits that the proposed sale was negotiated at arm's length and entered into in good faith by the parties and the Chapter 7 Trustee desires to close on the transaction as soon as reasonably practicable so as to maximize value for the Debtors' estates.

10.      In addition, there is an outside closing date under the APA that allows the buyer to terminate the APA if a closing does not occur by March 15, 2015.  To satisfy the Chapter 7 Trustee's obligations under the APA, the Chapter 7 Trustee is hereby seeking a hearing on the Motion on March 5, 2015, at 11:00 a.m. (EST).

11.      The Chapter 7 Trustee submits that no one will be prejudiced by a hearing on shortened notice.  In light of the nature of the relief sought, the Chapter 7 Trustee submits that such shortened notice is reasonable.

12.      Accordingly, the Chapter 7 Trustee respectfully request that the notice period be shortened so that the Motion can be heard on March 5, 2015, at 11:00 a.m. (EST).

---

[3] The Acquired Locations include the facilities at the following locations: (i) 4150 Westheimer Raod, Suite 103, Houston, TX 77027; (ii) 251 Medical Center Blvd., Suite 130, Webster, TX 77598; (iii) 13325 Hargrave, Suite 140, Houston, TX 77070; (iv) 9420 College Park Drive, Suite 200, The Woodlands, TX 77384; (v) 19141 Stone Oak Parkway, Suite 506, San Antonio TX 78258; and (vi) 7959 Broadway, Suite 15, San Antonio TX 78209.

53617/0001-11522699v1
February 16, 2015

WHEREFORE, the Chapter 7 Trustee respectfully requests the entry of an Order (i) granting this Motion to Shorten, and (ii) granting such other and further relief as this Court deems just.

Dated: Wilmington, Delaware
February 16, 2015

**COLE SCHOTZ P.C.**

*/s/ David W. Giattino*
Norman L. Pernick (No. 2290)
David W. Giattino (No. 5614)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536

*Counsel to Alfred T. Giuliano,*
*Chapter 7 Trustee*