## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN LASER SKINCARE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 14-12685 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: October 8, 2019 at 11:30 a.m. (ET)**<br>**Objection Deadline: September 18, 2019 at 4:00 p.m. (ET)** |

## MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT WITH O'CONNOR HOSPITAL

Alfred T. Giuliano, chapter 7 trustee (the "**Trustee**") of American Laser Skincare, LLC

and its related debtors (collectively, the "**Debtors**"), by and through his undersigned counsel and

pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

hereby moves (the "**Motion**") for entry of an order, substantially in the form attached hereto as

Exhibit A (the "**Proposed Order**"), (a) approving a settlement agreement and release (the

"**Agreement**") by and between the Trustee, on the one hand, and O'Connor Hospital, as landlord

(the "**Landlord**"), on the other hand, and (b) authorizing the Trustee to take all necessary or

desirable steps to effectuate the Agreement, which is attached to the Proposed Order as Exhibit

1. In support of the Motion, the Trustee respectfully states as follows:

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Laser Skincare, LLC (4698); Bellus ALC Holdings, LLC (0343); Bellus ALC of Alabama, LLC (8558); Bellus ALC of Arizona, LLC (8562); Bellus ALC of California, LLC (8573); Bellus ALC of Colorado, LLC (8570); Bellus ALC of Connecticut, LLC (8574); Bellus ALC of Florida, LLC (8579); Bellus ALC of Georgia, LLC (8578); Bellus ALC of Illinois, LLC (8583); Bellus ALC of Indiana, LLC (8587); Bellus ALC of Iowa, LLC (8593); Bellus ALC of Kansas, LLC (8594); Bellus ALC of Louisiana, LLC (8605); Bellus ALC of Maryland, LLC (8432); Bellus ALC of Massachusetts, LLC (8606); Bellus ALC of Michigan, LLC (8608); Bellus ALC of Minnesota, LLC (8560); Bellus ALC of Missouri, LLC (8585); Bellus ALC of Nevada, LLC (8566); Bellus ALC of New York, LLC (8569); Bellus ALC of North Carolina, LLC (8572); Bellus ALC of Pennsylvania, LLC (8581); Bellus ALC of Puerto Rico, LLC (8576); Bellus ALC of South Carolina, LLC (8580); Bellus ALC of Tennessee, LLC (8588); Bellus ALC of Texas, LLC (8592); Bellus ALC of Utah, LLC (8602); Bellus ALC of Virginia, LLC (8603); Bellus ALC of Washington, LLC (8599); Bellus ALC of Wisconsin, LLC (8607).

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Sections 105(a) and 363 of the Bankruptcy Code. Such relief is also warranted under Bankruptcy Rule 9019.

## FACTUAL BACKGROUND

4.      The Debtors, headquartered in Farmington Hills, Michigan, were formerly a leading provider of laser hair removal, skin rejuvenation, and other minimally-invasive cosmetic procedures across a nationwide network of 136 locations throughout 25 states. Due to, among other reasons, operational shortcomings and macroeconomic deterioration, which created substantial financial difficulties, the Debtors were forced to cease operations on November 14, 2014.

5.      On December 4, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 7 of the Bankruptcy Code (the "**Chapter 7 Cases**").

6.      Prior to the Petition Date, the Debtors (or predecessors thereof) entered into that certain Lease Agreement (the "**Lease**") with the Landlord for that certain space located at 455 O'Connor Drive, Suite 330, San Jose, California 95124 (the "**Premises**").

7.      After the Petition Date, and pursuant to the Lease, the Debtors continued to occupy the Premises owned by the Landlord for a limited period of time. The Landlord has asserted an administrative priority claim in the amount of $63,867.84 (the "**Administrative Expense Claim**").

40000/0544-17756059v1

8.      In order to avoid the costs, risks and delays of litigation between the parties in connection with the Administrative Expense Claim, the parties have entered into an Agreement that provides for the resolution of the Landlord's Administrative Expense Claim against the Debtors' estates.

## RELIEF REQUESTED

9.      By this Motion, the Trustee respectfully requests the Court enter the Proposed Order approving the Agreement and authorizing the Trustee to take all actions necessary or desirable to effectuate the Agreement.

## SUMMARY OF STIPULATION

10.     Pursuant to Bankruptcy Rule 9019, the following are the principal terms of the Agreement:[2]

a.      Administrative Expense Claim.  Upon entry of a Final Order (as defined below) approving the Agreement, the Landlord shall be granted an allowed Chapter 7 administrative expense claim in the amount of $5,446.56 (the "**Allowed Administrative Expense Claim**").  For the purposes of the Agreement, a "Final Order" shall mean an order entered by a court of competent jurisdiction that has not been reversed, stayed, modified, or amended, and as to which: (a) the time to appeal, seek review or rehearing or petition for certiorari has expired and no timely-filed appeal or petition for review, rehearing, remand or certiorari is pending; or (b) any appeal taken or petition for certiorari filed has been resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought, provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil

---

[2] The following represents a summary of the principal terms of the Agreement.  In the event of an inconsistency between the below summary and the Agreement, the Agreement shall govern.  All capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Agreement.

3

Procedure, or any analogous rule under the Federal Rules of Bankruptcy Procedure, or other rules governing procedure in cases before the Bankruptcy Court, maybe filed with respect to such order shall not cause such order not to be a Final Order. The Allowed Administrative Expense Claim shall be paid by the Trustee to the Landlord within seven (7) days of entry of a Final Order approving the Agreement.

b.      General Unsecured Claim. Upon entry of a Final Order approving the Agreement, the Landlord shall be granted an allowed general unsecured claim in the amount of $48,785.70 under Section 502(b)(6) of the Bankruptcy Code.

c.      Release and Settlement of All Administrative Expense Claims. Except as expressly provided in the Agreement, and except with respect to the Landlord's unsecured, non-priority claim for amounts due prior to the Petition Date and/or for lease rejection damages, the Landlord and its respective predecessors, assigns, assignors, and successors (collectively the "**Releasing Parties**") hereby remise, release and forever discharge the Trustee, the Debtors and their estates and their respective predecessors, assigns, assignors, trustees, attorneys, and successors (collectively the "**Released Parties**") of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Releasing Parties now have or ever had against the Released Parties at any time from the beginning of time to the date of the Agreement.

40000/0544-17756059v1

## BASIS FOR RELIEF REQUESTED

11.     Bankruptcy Rule 9019 provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court
> may approve a compromise or settlement.  Notice shall be given to
> creditors, the United States trustee, the debtor, and indenture
> trustees as provided in Rule 2002 and to any other entity as the
> court may direct.

Fed. R. Bankr. P. 9019(a).

12.     In determining whether to approve a settlement pursuant to section 363 of the

Bankruptcy Code and Bankruptcy Rule 9019, a bankruptcy court is required to "assess and

balance the value of the claim that is being compromised against the value to the estate of the

acceptance of the compromise proposal." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d

Cir. 1996).  The bankruptcy court will consider four criteria in applying this balancing test: "(1)

the probability of success in the litigation; (2) the likely difficulties in collection; (3) the

complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (4) the paramount interest of the creditors." Id. (internal citation omitted); see

also In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); In re Marvel

Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (relying on the same four factors to

determine the fairness, reasonableness, and adequacy of a settlement).  "The court must also

consider 'all other factors relevant to a full and fair assessment of the wisdom of the proposed

compromise.'" Marvel, 222 B.R. at 249 (internal citation omitted).  The ultimate inquiry is

whether, in the court's discretion, the compromise embodied in the settlement "is fair,

reasonable, and in the best interest of the estate." In re Louise's, Inc., 211 B.R. 798, 801 (D. Del.

1997).

40000/0544-17756059v1

13.     As applied in the instant case, the <u>Martin</u> factors strongly support this Court's approval of the Agreement as in the best interest of the estates.  The proposed settlement represents a reasonable settlement of the Landlord's asserted Chapter 7 administrative claim.  The Landlord seeks immediate payment of $63,867.84 as a Chapter 7 administrative claim.  The Trustee believes that the results of litigation with the Landlord regarding its Chapter 7 administrative claim are uncertain and the costs of such litigation are not warranted given the possibility that the Trustee may not prevail in his opposition to the Landlord's claim.  Litigation carries risk and the outcome is not certain.

14.     Finally, in considering the additional administrative expenses that the Trustee would incur to litigate with respect to the Landlord's claim and after his investigation of the Landlord's claim, the Agreement represents approximately the result that the Trustee would expect to obtain if he were to litigate with the Landlord.

15.     In sum, the Agreement meets the statutory and applicable case law standards for the approval of a settlement and thus should be approved.  The Agreement serves the purpose of consensually resolving a potential dispute in this bankruptcy case, thus avoiding the dissipation of the Trustee's valuable time and resources in litigation.  Finally, the Agreement is the product of extensive, arm's-length negotiations between the parties and it is well within the bounds of this Court's discretion to approve the settlement.

### NOTICE

16.     Notice of this Motion is being provided to: (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801 (Attention: Juliet M. Sarkessian); (b) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attention: Robert S. Brady); (c) counsel to Bellus ALC Funding,

40000/0544-17756059v1

LLC, Blank Rome LLP, 1201 Market Street Suite 800, Wilmington, DE 19801 (Attention:

Regina Kelbon); (d) counsel to O'Connor Hospital; and (e) all parties entitled to notice pursuant

to Local Rule 2002-1 (other than those parties set forth above, including all parties who file a

request for service of notices under Fed. R. Bankr. P. 2002(i) and all parties whose rights are

affected by this Motion).  The Trustee submits that, under the circumstances, no other or further

notice is required.

**NO PRIOR REQUEST**

17.     No prior motion for the relief requested herein has been made to this or

any other court.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter the

Proposed Order, in the form attached hereto as **Exhibit A**, (a) approving the Agreement,

(b) authorizing the Trustee to take all necessary or desirable steps to effectuate the Agreement,

and (c) granting such other and further relief as the Court may deem just and proper.

Dated: September 4, 2019

**COLE SCHOTZ P.C.**

By: _____
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

and

Ryan T. Jareck
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Counsel to Alfred T. Giuliano,*
*Chapter 7 Trustee*

7

40000/0544-17756059v1